UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM HUERTAS,

         Plaintiff,

v.   Case No. 3:22-cv-1058-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

         Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

William Huertas ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of hypertension, major depressive disorder, generalized anxiety disorder, sciatica issues, and a torn rotator cuff in his right arm. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed December 29, 2022, at 62, 80, 96, 117, 273.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed December 29, 2022; Reference Order (Doc. No. 13), entered January 3, 2023.

On November 1, 2019, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of July 15, 2014. Tr. at 250-53 (DIB).[2] The applications were denied initially, Tr. at 79-92, 93, 140-48 (DIB); Tr. at 61-78, 94, 149-59 (SSI), and upon reconsideration, Tr. at 116-35, 137, 163-67 (DIB); Tr. at 95-115, 136, 169-74 (SSI).

On November 19, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[3] Tr. at 31-60. During the hearing, Plaintiff was fifty-nine (59) years old. Tr. at 37. On January 12, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision.[4] See Tr. at 16-26.

---

[2] The DIB application was actually completed on November 5, 2019. Tr. at 250. The SSI application was not located in the administrative transcript, but a summary from the DIB application process indicates an intent to file an SSI application. Tr. at 248. The protective filing date for both the DIB and SSI applications is listed elsewhere in the administrative transcript as November 1, 2019. Tr. at 80, 117 (DIB), 62, 96 (SSI).

[3] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the initial stages of the COVID-19 pandemic. Tr. at 33-35, 178-88, 207-08, 241-42.

[4] During the hearing, Plaintiff's counsel indicated that Plaintiff was waiving the DIB claim and also amending the alleged disability onset date to November 1, 2019, which is the date he filed the SSI claim. Tr. at 36-37. The ALJ directed counsel to "submit something in writing" following the hearing to effectuate the intended actions. Tr. at 37. Counsel did not do so. See Tr. at 332-34 (post-hearing memorandum and objections). Accordingly, the ALJ when issuing the Decision assumed the original alleged onset disability date of July 15, 2014 and adjudicated both claims. Tr. at 16, 19, 26.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his counsel in support. Tr. at 5-6 (Appeals Council exhibit list and order), 244-46 (request for review), 371-72 (brief). On August 3, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On September 28, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal makes one argument: that the residual functional capacity ("RFC") and step four findings by the ALJ are "not supported by substantial evidence because he failed to properly evaluate the opinion of [Stanford A. Williamson, D.O.[5]]." Plaintiff's Memorandum of Law (Doc. No. 18; "Pl.'s Mem."), filed March 1, 2023, at 6 (emphasis omitted); see id. at 6-11. On March 27, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's argument. Then, as permitted, Plaintiff replied and Defendant sur-replied. See Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Reply"), filed April 10, 2023;

---

[5] The heading of Plaintiff's argument, quoted here, actually refers to "the opinion of Dr. Barsky." Pl.'s Mem. at 6 (emphasis omitted). The body of the argument, however, discusses only the opinion of Dr. Williamson. See id. at 6-11. The reference to Dr. Barsky appears to be a scrivener's error.

Defendant's Sur-reply to Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Sur-reply"), filed April 18, 2023. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 19-25. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 15, 2014, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar degenerative disc disease and osteoarthritis (OA) of the left ankle and left knee." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform medium work as defined in 20 CFR [§§] 404.1567(c) and 416.967(c) except [Plaintiff] can lift/carry/push/pull 50 pounds occasionally and 25 pounds frequently. [Plaintiff] can sit for up to 6 hours, stand for up to 6 hours, and walk for up to 6 hours in an eight-hour workday. [Plaintiff] can occasionally use foot controls and can occasionally reach overhead, bilaterally. [Plaintiff] can occasionally climb stairs and ramps but can never climb ladders and scaffolds. [Plaintiff] can frequently balance, stoop, and crouch; occasionally kneel, and never crawl. [Plaintiff] should have exposure to neither unprotected heights, extreme cold, nor extreme heat. [Plaintiff] is limited to simple tasks and simple work-related decisions. [Plaintiff] can frequently interact with supervisors, co-workers, and the public.

Tr. at 19-20 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Janitor" and a "Construction Worker II." Tr. at 23 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 23-24. After considering Plaintiff's age ("53 years old . . . on the alleged disability onset date" and "subsequently chang[ing] age category to advanced age"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 23 (emphasis omitted), such as "Kitchen Helper," "Cleaner, Hospital," and "Cleaner, Industrial." Tr. at 24. The ALJ concluded Plaintiff "has not been under a disability . . . from November 1, 2019, through the date of th[e D]ecision." Tr. at 25 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

6

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in failing to evaluate the opinion of Dr. Williamson. Pl.'s Mem. at 6-11. Focusing on one line in the "summary" section of Dr. Williamson's evaluation findings, Plaintiff argues the ALJ did not analyze Dr. Williamson's statement that his "[l]imitations may include prolonged standing, prolonged sitting, prolonged ambulation, lifting/carrying and handling." Tr. at 433; Pl.'s Mem. at 8-11. Recognizing that the ALJ did

summarize Dr. Williamson's findings including this statement, Plaintiff nevertheless asserts it was error for the ALJ not to evaluate the findings as required by the Regulations. Pl.'s Mem. at 7-11. According to Plaintiff, the alleged error is compounded because "Dr. Williams' opinion indicates Plaintiff would not be capable of medium work as the RFC suggests." Id. at 10.

Responding, Defendant contends that Dr. Williams' statement does not qualify as a medical opinion under the Regulations, so the ALJ was not bound to address it in accordance with the Regulations. Def.'s Mem. at 5-8. Alternatively, Defendant argues the failure to analyze it was harmless given its vagueness and because the record supports the ultimate RFC finding. Id. at 8-12.

Replying, Plaintiff contends the statement is indeed an opinion, and that if the ALJ had a question about its vagueness, he should have recontacted the doctor. Reply at 1-3. Defendant argues the ALJ had no duty to recontact Dr. Williamson, and nothing indicates the ALJ was confused by Dr. Williamson's statement. Sur-reply at 1. Moreover, Defendant asserts Plaintiff has not shown prejudice or that the proceeding was unfair by the ALJ's election not to recontact the doctor. Id. at 3.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18,

8

2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-

---

[7] Plaintiff filed his applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

9

physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

---

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

10

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Dr. Williamson performed a one-time consultative examination and authored a report on March 19, 2020 in which he detailed his findings. Tr. at 432-33. The objective findings were largely normal except for the range of motion in the lumbar spine and decreased sensation to light touch at the plantar left arch. See Tr. at 433. As noted previously, at the end of the report, in the summary section, Dr. Williamson wrote that Plaintiff's "[l]imitations may include prolonged standing, prolonged sitting, prolonged ambulation, lifting/carrying and handling." Tr. at 433.

In the Decision, the ALJ summarized Dr. Williamson's findings.[9] Tr. at 22. Regarding the line at issue, the ALJ quoted it verbatim and then contrasted it with the doctor's objective finding that Plaintiff "ambulated independently without an assistive device, with a non-antalgic gait and normal station." Tr. at 22. The ALJ then observed that Dr. Williamson "did not opine as to [Plaintiff's] work-related limitations." Tr. at 22.

To start, Defendant argues Dr. Williamson's statement was not a "medical opinion" as defined in the Regulations. The ALJ seemed to assume that it was by use of the phrase: "the doctor opined. . . ." Tr. at 22. The doctor's statement is a comment on the "ability to perform physical demands of work activities," 20 C.F.R. § 404.1513(a)(2), even if it is not expressed in specific work-related limitations. It therefore qualifies as a medical opinion.

The undersigned finds, however, that the ALJ did not reversibly err in addressing Dr. Williamson's statement. First, although the ALJ did not explicitly use the terms "supportability" and "consistency" as the Regulations do, the ALJ clearly contrasted the statement at issue with Dr. Williamson's objective examination findings. See Tr. at 22. The implication, then, is that the statement is not supported by Dr. Williamson's own findings. See 20

---

[9] The ALJ did not refer to Dr. Williamson by name, instead referring to a "consultative physical evaluation" located at "Ex. 4F." Tr. at 22. This exhibit contains Dr. Williamson's report.

12

C.F.R. § 404.1520c(b)(2). Second, the statement is vague: the use of the phrase "may include" really does not quantify Plaintiff's limitations, if any.[10] Third, it is evident the ALJ did take into account the entirety of Dr. Williamson's objective findings. To the extent the ALJ in some way erred by not explicitly addressing the statement in accordance with the Regulations, given all of the foregoing, the error is harmless. Moreover, the ALJ did not have a duty to recontact Dr. Williamson in this instance to clarify one vague conclusory sentence when the rest of the examination findings are clear and explicit. In the end, the ALJ assigned a RFC that is supported by substantial evidence and need not be disturbed.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

---

[10] The vagueness of the statement distinguishes this case from the unpublished opinion upon which Plaintiff mainly relies to support his argument. See Weatherspoon v. Kijakazi, No. 1:20-00075-N, 2021 WL 4184883, at *11 (S.D. Ala. Sep. 14, 2021) (unpublished) (internal quotations omitted) (finding not harmless the ALJ's failure to articulate reasons for rejecting an opinion that a claimant "cannot drive" and "cannot even use an oven, stove or shower w/o the presence of someone to help him in case of a seizure").

2.  The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on January 4, 2024.

                                                               _____
                                                                         JAMES R. KLINDT
                                                                United States Magistrate Judge

kaw
Copies:
Counsel of Record

14